UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MAKSIM VASECHKO,

Plaintiff,

vs.

U.S. DEPARTMENT OF HOMELAND SECURITY, IMPERIAL REGIONAL DETENTION FACILITY,

Defendants.

Case No.:  3:25cv1290-LL-VET

**ORDER:**
**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2];**

**(2) DISMISSING COMPLAINT FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 8 AND FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

## I.    INTRODUCTION

Plaintiff Maksim Vasechko, an immigration detainee proceeding pro se, has filed a civil action along with a Motion to Proceed In Forma Pauperis ("IFP"). *See* ECF Nos. 1, 2. In his Complaint, Vasechko appears to raise claims under the Civil Rights Act (42 U.S.C. §§ 1983, 1985) and the Administrative Procedures Act (5 U.S.C. §§710–706). ECF No. 1 at 3. As discussed below, the Court grants Plaintiff's IFP Motion and dismisses the Complaint without prejudice.

1

## II.    MOTION TO PROCEED IFP

Generally, a party who institutes a civil action, suit, or proceeding in a district court of the United States, must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). If the plaintiff seeing to proceed IFP is a "prisoner," the Prison Litigation Reform Act ("PLRA") requires submission of a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).

Here, Vascheko states he is an immigration detainee being held under the authority of the Department of Homeland Security. *See* ECF No. 1 at 1. Under the PLRA, a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h). *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir 2005) ("[A] civil detainee is not a 'prisoner' within the meaning of the PLRA."); *Agyeman v. Immigration & Naturalization Servs.*, 296 F.3d 871, 886 (9th Cir. 2002) ("[W]e hold that an alien detained by the INS pending deportation is not a 'prisoner' within the meaning of the PLRA."). Because Vascheko is not a "prisoner," the filing fee provisions of 28 U.S.C. § 1915(b) are inapplicable to this case and as such, the Court need only review Plaintiff's affidavit of assets, just as it would for any other non-prisoner litigant seeking IFP status.

"Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency." *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."

*Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). Here, Vascheko attests he is unemployed, does not receive income from any source, does not have a savings or checking account, does not own any assets of value, such as real estate, an automobile, or other similar items, and has been in ICE custody for over six months. *See* ECF No. 2. Accordingly, the Court finds Plaintiff has established he is unable to pay the fees or post the securities required to maintain a civil action and therefore **GRANTS** the IFP motion. *See* S.D. Cal. CivLR 3.2(d).

### III.    SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

### A.    Legal Standard

A complaint filed by any person proceeding IFP is subject to sua sponte dismissal if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

///

**B.      Plaintiff's Allegations**

Plaintiff's factual allegations are sparse. He states that he is an asylum seeker and has been "detained for 9 months in conditions of detention with criminals which violates his rights and the U.S. Constitution and causes [him] suffering." ECF No. 1 at 4.  Plaintiff states he has a "disability in eye vision" and that he has not been provided with adequate medical care. *Id.*

**C.      Discussion**

Vasechko appears to raise claims under 42 U.S.C. §§ 1983 and 1985(2) (Civil Rights Act), and 5 U.S.C. §§ 701–706 (Administrative Procedures Act ("APA")). *Id.* at 3. He seeks "compensation for physical, psychological, social and financial damages." *Id.*

**1.      Rule 8**

Federal Rule of Civil Procedure 8(a) requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient to comply with Rule 8. *See Iqbal*, 556 U.S. at 678; *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011).

Here, Plaintiff's sparse allegations are insufficient to satisfy Rule 8. Vasechko lists 42 U.S.C. § 1983, 42 U.S.C. §1985(2), and 5 U.S.C. §§701–706 as the legal bases for his claims but fails to elaborate on how his rights under these statutes were violated. Vasechko's only specific factual allegation is that he has not received "appropriate medical care." ECF No. 1 at 4. But other than a vague reference to a "disability in eye vision," Plaintiff does not explain the specific nature of his medical need or reference any acts or omissions by Defendants related to medical care. In sum, the scant allegations contained in the Complaint fail to provide Defendants with fair notice of Plaintiff's claims. Therefore, the Court **DISMISSES** the Complaint in its entirety for failure to comply with Rule 8. *See* Fed. R. Civ. P. 8(a); *see also* 28 U.S.C. § 1915(e)(2).

4

## 2. 42 U.S.C. §§ 1983 & § 1985(2)

Even if the Complaint were not subject to dismissal under Rule 8, Plaintiff cannot state a plausible claim under 42 U.S.C. §§ 1983 and 1985(2). These statutes are limited to wrongful acts taken by state—not federal—officers, and as such, they "provide[] . . . no help" to plaintiffs who complain of wrongful acts "taken under the color of federal law." *Lonneker Farms, Inc. v. Klobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986); *see Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) ("We find no evidence in either statute that Congress intended to subject federal agencies to § 1983 and § 1985 liability. To the contrary, §§ 1983 and 1985 impose liability upon a "person," and a federal agency is not a 'person' within the meaning of these provisions.") (collecting cases). Therefore, even if the Complaint was not subject to dismissal under Rule 8, Plaintiff would still fail to state a claim under 42 U.S.C. §§ 1983 and 1985.

## 3. 5 U.S.C. §§ 710–706

Plaintiff also fails to state a plausible claim under the APA. As a general matter, the APA permits suits against the United States by "[a] person suffering legal wrong because of the agency action, or adversely affected or aggrieved by agency action within the meaning of relevant statute." 5 U.S.C. § 702. Claims asserted pursuant to the APA must satisfy Section 702's "agency action" requirement and the further requirement under Section 704 of the APA that a plaintiff must identify a "final agency action" to obtain judicial review. 5 U.S.C. § 704. The APA also requires an administrative agency to adjudicate "a matter presented to it" within a "reasonable time." 5 U.S.C. § 555(b). In situations where an agency fails to do so, a "reviewing court shall compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). However, "[a] court can compel agency action under [5 U.S.C. § 706(1)] only if there is 'a specific, unequivocal command' placed on the agency to take a 'discrete agency action,' and the agency has failed to take that action." *Vietnam Veterans of Am. v. Cent. Intel. Agency*, 811 F.3d 1068, 1075 (9th Cir. 2016) (internal quotation marks omitted). Here, Vasechko fails to allege a "final agency action" or otherwise specify the legal and factual basis for relief under the

APA. Therefore, even if the Complaint were not dismissed under Rule 8, Plaintiff fails to state an APA claim. *See Iqbal*, 556 U.S. at 678.

**D.    Leave to Amend**

Given Plaintiff's pro se status, the GRANTS him leave to amend his complaint. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

<h3 align="center">IV.    CONCLUSION AND ORDER</h3>

Accordingly, the Court:

1.    **GRANTS** the Motion to Proceed IFP [ECF No. 2].

2.    **DISMISSES** the Complaint without prejudice for failure to comply with Federal Rule of Civil Procedure 8 and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

3.    **GRANTS** Plaintiff leave to file a First Amended Complaint on or before **October 6, 2025** that cures the deficiencies of pleading noted in this Order. Plaintiff's Amended Complaint must be complete by itself without reference to his original Complaint. *See* S.D. Cal. CivLR 15.1; *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original.").

If Plaintiff fails to timely file a First Amended Complaint, the Court will enter a final Order dismissing this civil action based both on failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*,

/ / /

/ / /

427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated:  August 8, 2025

_____

Honorable Linda Lopez
United States District Judge

3:25cv1290-LL-VET